# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 13CR3240 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| EVAN LEWIS MYERS, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the order to show cause why Defendant's bond (ECF No. 10) should not be revoked.

On August 6, 2013, the United States Magistrate Judge issued an arrest warrant charging the Defendant with receipt and possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and (4).

On August 8, 2013, Defendant was arrested pursuant to the arrest warrant.

On August 9, 2013, Defendant appeared before the Magistrate Judge for an initial appearance. Defendant was appointed counsel and bond was set at a $30,000 personal appearance bond secured by the signatures of Defendant and one surety with a ten percent cash deposit.

On August 15, 2013, the personal appearance bond was filed and Defendant was released subject to conditions of pretrial release.

1     On September 3, 2013, Defendant was charged in an Information with possession of matters containing images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4).

4     On October 8, 2013, Defendant entered a plea of guilty to the charge of possession of matters containing images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4) pursuant to a plea agreement. A presentence report was ordered and a sentencing date was set.

8     On November 22, 2013, a "Petition for Warrant for Defendant on Pretrial Release" was filed by Pretrial Services on the grounds that there has been a change of circumstances since the time bail was set. Based upon Defendant's suspension from his current outpatient psychotherapy and the recommendation that Defendant undergo a psychological evaluation, Pretrial Services believed that Defendant presented a danger to the community. The Court ordered a no bail bench warrant issue for Defendant's arrest.

15    On November 25, 2013, Defendant was arrested pursuant to the no bail bench warrant. Defendant was arraigned before the Magistrate Judge and a bond revocation hearing was set before the district court.

18    On December 2, 2013, this Court held a bond revocation hearing.

## ANALYSIS

20    Defendant requests that the Court release him subject to the same conditions of pretrial release imposed upon his initial arrest. Defendant asserts that he poses no danger to another person or to the community because he assured the second therapist that he would never act on his fantasies. Defendant contends that he has complied with the conditions of pretrial release. The Government requests that the Defendant's bail be revoked on the grounds that Defendant has not show by clear and convincing evidence that his release will not pose a danger to any other person or to the community.

1   18 U.S.C. § 3143(a) provides:

2   Release or detention pending sentence.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. §3143(a)(1). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46 (c).

In this case, Defendant entered a plea of guilty to a serious charge of possession of matters containing images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4). Defendant is awaiting imposition of sentence. The adjusted offense level recommended by the parties in the plea agreement is Level 21 which would result in an advisory guideline range of 37-46 months. Pursuant to 18 U.S.C. § 3143 and Fed. R. Crim. P. 46(c), Defendant has the burden to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 3142(b) or (c).

Defendant was required under the conditions of release to submit to psychiatric/psychological counseling as specified by Pretrial Services. Defendant was initially referred to individual and group sex offender counseling. Defendant was terminated from counseling after the therapist determined that Defendant was not suitable for therapy due to his admission to "habitually being untruthful to the therapist." (ECF No. 22 at 2). Defendant admitted to Pretrial Services that he was untruthful with the therapist, accepted responsibility for his actions, and asked to be referred to another counselor. Defendant was enrolled in sex offender treatment with a therapist for a second time. Defendant attended several sessions with the second therapist. Defendant made statements to the second therapist regarding fantasies which

1  lead the second therapist to recommend that Defendant be suspended from outpatient
2  psychotherapy until he can undergo a psychological evaluation. While Defendant did
3  not identify any targets to his fantasies and stated that he would never act on his
4  fantasies, the statements made by the Defendant support the conclusion that Defendant
5  poses a present danger to the community. Defendant's assurances to his therapist that
6  he would not act on his fantasies must be evaluated in light of Defendant's prior
7  admission that he was habitually untruthful with his first therapist.

## CONCLUSION

At this stage in the proceedings, a psychological evaluation is necessary to determine the Defendant's mental health function, and risk to any other person or to the community. Based upon the record before this Court, the Court cannot find by clear and convincing evidence that Defendant is not likely to pose a danger to the safety of any other person or the community if released under the conditions previously imposed or upon any other conditions set forth in 3142(b)(or (c). Detention is required under 18 U.S.C. §3143(a)(1).

IT IS HEREBY ORDERED that Defendant's bond (ECF No. 10) is revoked. Defendant will remain in the custody pending sentencing.

DATED: December 3, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge